﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200210-60852
DATE: December 31, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea, secondary to the Veteran’s service-connected posttraumatic stress disorder (PTSD), on a causation basis, is granted. 

FINDINGS OF FACT

1. The Veteran has been diagnosed with obstructive sleep apnea. 

2. The Veteran’s service-connected PTSD caused his obstructive sleep apnea. 

CONCLUSION OF LAW

The criteria for service connection for obstructive sleep apnea, secondary to service-connected PTSD, on a causation basis, have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The AMA applies to all claims for which VA issued notice of an initial decision or on after February 19, 2019. 38 C.F.R. §§ 3.2400(a)(1); 19.2(a). 

The Veteran served on active duty from July 1978 to July 2002. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). In that decision, the RO readjudicated and denied the claim for service connection for obstructive sleep apnea following the Veteran’s September 2019 Decision Review Request: Supplemental Claim (VA Form 20-0995) submitted in disagreement with a February 2019 rating decision. See 38 C.F.R. § 3.2400(c)(2). 

1. Service connection for obstructive sleep apnea, to include as secondary to the Veteran’s service-connected PTSD

Service connection may be established for disability resulting from personal injury suffered or disease contracted in line of duty or for aggravation of a pre-existing injury or disease in the line of duty in the active military, naval, or air service. 38 U.S.C. § § 1110; 38 C.F.R. §§ 3.303, 3.304, 3.306. Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the current disability and an in-service precipitating disease, injury or event. 38 C.F.R. § 3.303(a). Service connection may be granted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). 

As this is an AMA appeal, findings identified as favorable in an Agency of Original Jurisdiction decision are binding on subsequent adjudicators including the Board. 38 U.S.C. § 5104(b)(4); 5104A; 38 C.F.R. § 20.801(a). Favorable findings can only be rebutted by evidence that identifies a clear and unmistakable error in the favorable finding. 38 C.F.R. § 20.801(a). 

In this case, the Agency of Original Jurisdiction, the RO, found the Veteran had a current service-connected disability of PTSD, a current diagnosis of obstructive sleep apnea, and that there was new and relevant evidence warranting readjudication of the claim. See December 2019 rating decision. The Board is bound by these favorable findings.

In a November 2019 opinion, a VA doctor and director of occupational health determined that since sleep apnea was not was not diagnosed in service, “there is no [medical] basis for a direct SC” and that “the mere presence of ‘respiratory issues’ cannot be used to infer an OSA diagnosis.” Noting that he was not asked to provide an opinion on secondary service connection, the November 2019 VA doctor also commented on this theory due to a September 2019 private opinion in the record. The VA doctor opined that obstructive sleep apnea was less likely than not caused by the Veteran’s currently-service-connected PTSD “because of the lack of scientific evidence supporting a causal role for PTSD in the development of sleep apnea.” He pointed out that there is a 2014 review of literature exploring the possible relationships between PTSD and sleep-disordered breathing such as obstructive sleep apnea that states “no conclusions can be drawn from the data currently available on the potential relationship between [sleep disordered breathing] and PTSD,” an additional review also found an association, “though inconsistent,” between PTSD and sleep-disordered breathing without clarity as to whether sleep apnea predisposes to PTSD or the other way around, and cited another report that reviewed prior studies showing high co-morbidity between OSA and PTSD and found all had a moderate to high risk of selection bias, which the November 2019 VA examiner stated “would overestimate the relationship.” 

This opinion, which noted that current medical reviews/reports find an association between OSA and PTSD with high co-morbidities, but are inconclusive as to which disability is the cause of the other, supports some relationship between sleep apnea and PTSD. In addition, in a September 2019 private opinion, psychologist M.S.O. wrote, following review of the Veteran’s service treatment records and VA records and conducting a personal evaluation, that he determined that the Veteran’s diagnosis of obstructive sleep apnea more likely than not related to his service-connected PTSD. Dr. M.S.O. discussed several peer-reviewed journal research publications concerning PTSD with findings that sleep apnea can be secondary to PTSD. He indicated that he relied on the Veteran’s medical history, including that he met most of the requirements listed in publications cited. Medical opinions must be read as a while and in the context of the evidence of record, and the fact that the rationale provided by an examiner does not explicitly lay out the examiner’s journey from the facts to a conclusion does not render an examination inadequate. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). M.S.O.’s opinion is therefore entitled to some probative weight.

The above evidence is at least evenly balanced as to whether the Veteran’s service-connected PTSD caused his obstructive sleep apnea. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for PTSD on a secondary, causation basis is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

As service connection is being granted on a secondary basis, the Board need not consider other theories of entitlement. See e.g. November 2018 claim (sleep apnea related to environmental hazard in the Gulf War). 

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Kuczynski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.